IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON D. HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-05-990-L |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner, Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Aaron Hall seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should reverse the SSA's decision.[1]

I.   BACKGROUND

Mr. Hall applied for supplemental security income based on an alleged disability. Administrative Record at pp. 51-53 (certified Nov. 19, 2005) ("Rec."). The SSA denied the application initially and on reconsideration. *Id.* at pp. 32-33. A hearing took place,[2] and the administrative law judge found no disability based on the Plaintiff's ability to perform his past relevant work or other work in the economy.[3]   The Appeals Council declined

---

[1]   The Court has referred the action to the undersigned for findings and recommendations on dispositive matters.  Order Referring Matter to United States Magistrate Judge (Aug. 30, 2005).

[2]   *See* Rec. at pp. 278-327.

[3]   Rec. at pp. 26-28.

jurisdiction,[4] and the present action followed. As alleged by Mr. Hall, the administrative law judge's determination of the mental residual functional capacity ("RFC") lacked substantial evidence. Plaintiff's Opening Brief at pp. 20-24; (Apr. 13, 2006) ("Plaintiff's Opening Brief"); Plaintiff's Reply Brief at pp. 9-10 (July 24, 2006) ("Plaintiff's Reply Brief").[5]

II.     STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the SSA's decision is based on an incorrect legal standard, reversal is necessary. *See Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) ("if the [administrative law judge] failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence").

III.    MENTAL RFC DETERMINATION

In evaluating Mr. Hall's mental impairment, the administrative law judge concluded that the Plaintiff could:

- understand, remember, and carry out simple instructions, and

- relate to supervisors and coworkers and adapt to a job function.

---

[4]     Rec. at pp. 5-7.

[5]     Mr. Hall also urges legal error in the evaluation of medical and psychological evidence. Plaintiff's Opening Brief at pp. 14-19; Plaintiff's Reply Brief at pp. 2-9. The Court need not address these arguments in light of the suggested reversal on other grounds.

Rec. at pp. 25-26, 28. As alleged by Mr. Hall, these findings lacked substantial evidence.[6]

The administrative law judge relied on the opinion of an agency psychologist in support of her findings. Rec. at p. 23; *see id.* at pp. 241-43. But the psychologist's opinion did not constitute substantial evidence.[7]

Assessment of the mental RFC required identification of the Plaintiff's functional abilities and limitations. *See* 20 C.F.R. §416.920a (2004); *see supra* note 7. The sole evidence regarding the challenged limitations existed in a residual functional capacity form completed by an agency psychologist, Dr. Ron Smallwood. Rec. at pp. 226-38, 241-43. As part of this form, Dr. Smallwood completed a checklist indicating "no significant limitation" in Mr. Hall's ability to:

- understand, remember, and carry out very short and simple instructions,

- accept instructions and respond appropriately to criticism from supervisors, and

- get along with coworkers or peers without distracting them or exhibiting behavioral extremes.

---

[6] Plaintiff's Opening Brief at pp. 20-24; Plaintiff's Reply Brief at pp. 9-10.

[7] Pursuant to the social security regulations, the administrative law judge was required to evaluate Mr. Hall's mental impairment in four functional domains. *See* 20 C.F.R. 416.920a (2004). The judge fulfilled her duty, but Mr. Hall argues that the judge should have found "marked" limitations in the areas of social functioning and concentration, persistence, and pace. Plaintiff's Opening Brief at p. 25. In presenting this argument, however, the Plaintiff essentially asks the Court to reweigh the evidence in his favor, which the Court cannot do. *See Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995) ("We may neither reweigh the evidence nor substitute our discretion for that of the Secretary.").

*Id.* at pp. 241-42.  Dr. Smallwood then wrote: "Cl. is able to do simple work.  Cl. is able to relate to supervisor and co-workers for work purposes.  Cl. is able to relate to general public.  Cl. is able to adapt."  *Id.* at p. 243.

On this form, Dr. Smallwood simply checked boxes regarding functional abilities without explanation about how he had ascertained the limitations from the medical data.  The form alone did not supply the administrative law judge with substantial evidence to assess the RFC.  *See Hamlin v. Barnhart*, 365 F.3d 1208, 1223 (10th Cir. 2004) (holding that a nontreating physician's evaluation form, consisting of checked boxes, "is insufficient to constitute substantial evidence when it stands alone and unaccompanied by thorough written reports or testimony" (citation omitted)); *Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987) (concluding that checkmark-style "evaluation forms, standing alone, unaccompanied by thorough written reports or persuasive testimony, are not substantial evidence").

The Tenth Circuit Court of Appeals addressed a similar issue in *Adkins v. Barnhart*, 80 Fed. Appx. 44 (10th Cir. Oct. 23, 2003) (unpublished op.).  There the administrative law judge concluded that the plaintiff could perform a full range of light work.  *See Adkins v. Barnhart*, 80 Fed. Appx. at 47.  The federal appeals court concluded that the administrative law judge had lacked substantial evidence for this assessment.  In reaching this conclusion, the court acknowledged that an agency physician had provided "a checkmark-style RFC assessment."  *See id.* at 48.  But this assessment did not constitute substantial evidence because:

- it included minimal explanation; and

- no doctor had defined the plaintiff's capabilities for walking, standing, sitting, bending, twisting, stooping, or climbing.

*Id.* Thus, the administrative law judge lacked substantial evidence for "any RFC determination." *Id.*

*Adkins v. Barnhart* is persuasive in light of the similarity in facts. *See* Tenth Cir. R. 36.3(B). An agency doctor supplied a checklist regarding Mr. Hall's functional abilities, but he did not indicate the basis of his findings and provided only minimal explanation. *See supra* pp. 3-4. The agency doctor's checklist did not supply substantial evidence in *Adkins v. Barnhart*, and the same is true here.

IV.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should reverse and remand for further proceedings.

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is October 2, 2006. *See* W.D. Okla. LCvR 72.1(a). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

V.   STATUS OF THE REFERRAL

The referral is terminated.

Entered this 12th day of September, 2006.

_____
Robert E. Bacharach
United States Magistrate Judge